IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,<br><br>      **Plaintiffs,**<br><br>  v.<br><br>JON HUSTED, et al.,<br><br>      **Defendants.** | Case No. 2:14-cv-404<br>Judge Peter C. Economus<br>Magistrate Judge Norah McCann King<br>**ORDER** |

This Matter if before the Court for consideration of the Motion to Intervene by Proposed Intervenor Ohio General Assembly. (Doc. 29.) For the reasons that follow, the motion is **DENIED**.

The Ohio General Assembly ("General Assembly") moves to intervene as a defendant in this action pursuant to Rule 24(a), which provides that:

> On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a). In the alternative, the General Assembly seeks permissive intervention pursuant to Rule 24(b).

In requesting leave to intervene under Rule 24(a)(1), the General Assembly cites 28 U.S.C. § 2403(b), which provides an unconditional right of a State to intervene in actions challenging the constitutionality of State statutes in instances where "a State or any agency,

officer, or employee thereof is not a party" to the action. 28 U.S.C. § 2403(b). Section 2403(b), however, is inapplicable because state officers—the Attorney General and Secretary of State—are already parties to this action. *See Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006).

The Sixth Circuit has identified four elements within sub-rule 24(a)(2) that a proposed intervenor must satisfy to qualify for intervention of right: "(1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court." *Id.*

The Plaintiffs maintain that the General Assembly's motion to intervene is untimely. Regarding the issue of timeliness, the Sixth Circuit has stated:

> The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances. [ ] We have held that the following factors should be considered: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990) (citation omitted). Careful consideration of the above factors and other relevant circumstances indicates that the General Assembly's motion to intervene is untimely.

This action was filed on May 1, 2014, Defendants Husted and DeWine filed their answer on May 23rd (Doc. 15), the Plaintiffs moved for a preliminary injunction on June 30th (Doc. 17), after conferring with the Parties, the Court issued a scheduling order on July 2nd (Doc. 22), and the General Assembly moved to intervene on July 11th (Doc. 29). The hearing on the Plaintiffs'

motion for preliminary injunction is set for August 11th. (Doc. 22.) The Plaintiffs represent that extensive discovery has already taken place. Apropos of the first factor, the Court concludes that the suit had progressed to a significant degree by the time the General Assembly moved to intervene. While the motion to intervene was filed 11 days after the Plaintiffs had moved for preliminary injunctive relief, those days included the start of an expedited discovery period leading to a hearing less than six weeks in the future, a hearing that could as a practical matter resolve the merits of the litigation. As to the second factor, the General Assembly purports to intervene to protect its interest as Ohio's legislative body in defending validly enacted legislation. However, the General Assembly has failed to convince this Court that its position in support of SB 238 is ultimately any different than those advocated by the Attorney General and Secretary of State or that the General Assembly's presence in this case would not merely be superfluous to the other Defendants. Therefore, the General Assembly has not persuaded this Court that the Attorney General, the State's chief legal representative, cannot adequately represent its interests. Accordingly, the purpose for intervention weighs against a finding of timeliness.

Turning to the third factor, the Court determines that the General Assembly became aware or should have become aware of its interest in the case when the case was filed, but did not file the motion to intervene until two months later. The General Assembly has offered no reason justifying this delay. While two months may seem insignificant given that the Parties have proposed a dispositive motion deadline of June 2015 (see Doc. 16 at 3), the unique nature of this case renders the two month delay very significant. In this regard, the Plaintiffs complaint made clear that they would seek a preliminary injunction that would impact the coming November general election, scheduled to occur only six months from the filing of the case.

Additionally, the fact that the Plaintiffs' suit relates to the period up to 35 days prior to the election practically reduced the period in which the preliminary injunctive issues need resolution to five months. Even disregarding potential appeals, the over two month delay in moving to intervene represents approximately 40% of the available time to resolve these issues, issues which may ultimately resolve the merits of the entire case. *See Serv. Emps. Int'l Union Local 1 v. Husted*, 515 F. App'x 539, 542 (6th Cir. 2013) (in election case evaluating timeliness factors in the context of motion for permissive intervention, "the delay [ ] posed a significant risk of upsetting the expedited schedule necessitated by the upcoming election.") As such, the Court assigns great weight to the General Assembly's delay.

The Court also determines that there is an issue of prejudice to the Plaintiffs if the General Assembly is allowed to intervene. The General Assembly has indicated its desire to "submit … additional evidence" in support of SB 238. While the Court takes the General Assembly at its word that it is not planning to seek a continuance of the August 11th hearing and that it does not anticipate serving the Plaintiffs with discovery requests, the prospect for delay still exists if the General Assembly were permitted to intervene and submit new evidence. Furthermore, as noted by the Plaintiffs, delay could interfere with their attempt to secure a remedy prior to the general election. This prejudice to the Plaintiffs outweighs any potential prejudice to the General Assembly if intervention is denied given the overlapping interests of the General Assembly and the Defendants.

Based on a review of the above factors, the Court determines that the General Assembly has not timely filed its motion to intervene. The Court therefore concludes that the General Assembly has failed to establish that it is entitled to intervention as of right pursuant to Rule 24(a)(2). Further, as permissive intervention pursuant to Rule 24(b) also requires the filing of a

4

motion that is timely, see FED. R. CIV. P. 24(b)(1), the Court declines to grant the General Assembly permissive intervention.

For the above-stated reasons, the Motion to Intervene by Proposed Intervenor Ohio General Assembly (Doc. 29) is **DENIED**.  The Clerk is directed to **STRIKE** Document 40 from the Docket.

**IT IS SO ORDERED.**

                                             **/s/ Peter C. Economus**
                                             **UNITED STATES DISTRICT JUDGE**