**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **OHIO STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,**<br><br>      **Plaintiff,**<br><br>  v.<br><br>**JOHN HUSTED, et al.,**<br><br>      **Defendant.** | **Case No. 2:14-404**<br><br>**Judge Peter C. Economus**<br><br>**Magistrate Judge Norah McCann King**<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of the Ohio General Assembly's ("OGA") Third Motion to Intervene (ECF No. 92), Motion For an Indicative Ruling on Its Third Motion to Intervene (ECF No. 93), and Motion to Appear at the December 3, 2014 Status Conference (ECF No. 96). For the reasons that follow, the Court **DENIES** the OGA's motions.

**I.    Background**

This is a voting rights case. On May 1, 2014, Plaintiffs the Ohio State Conference of the National Association for the Advancement of Colored People; the League of Women Voters of Ohio; the Bethel African Methodist Episcopal Church; Omega Baptist Church; College Hill Community Church Presbyterian, U.S.A.; the A. Philip Randolph Institute; and Darryl Fairchild brought the instant action challenging the impact of a recent amendment to the Ohio Revised Code and directives issued by Ohio Secretary of State Jon Husted to Ohio's early in-person voting ("EIP voting") scheme under the Fourteenth Amendment to the Constitution of the United States and Section 2 of the Voting Rights Act of 1965. (ECF No. 1.) The Defendants include Secretary Husted and Ohio Attorney General Mike DeWine, both sued in their official capacities.

On July 8, 2014, the OGA filed a Motion to Intervene. (ECF No. 29.) This Court denied that motion. (ECF No. 48.) On August 1, 2014, the OGA filed a Notice of Appeal. (ECF No. 59.) This appeal is currently pending before the Sixth Circuit. *See* Sixth Circuit Case No. 14-3765.

On September 4, 2014, this Court issued an Opinion granting Plaintiffs' Motion For Preliminary Injunction. (ECF No. 72.) The Court also set a status conference for December 3, 2014. (ECF No. 72.) Defendants filed a Notice of Appeal. (ECF No. 73.) Defendants' appeal became Sixth Circuit Case No. 14-3877.

The OGA then filed a Second Motion to Intervene and requested to intervene for the purposes of appeal. (ECF No. 74 at 4.) This Court granted the OGA's motion for the purpose of appeal only. (ECF No. 75.) The OGA's appeal became Sixth Circuit Case No. 14-3881. The OGA filed a motion to consolidate its appeal of this Court's preliminary injunction order (Sixth Circuit Case No. 14-3881; ECF No. 5) with Defendants' appeal (Sixth Circuit Case No. 14-3877). The Sixth Circuit did not rule on the OGA's motion to consolidate. Instead, on September 24, 2014, the Sixth Circuit issued an Order allowing the OGA to proceed as an amicus curiae in Sixth Circuit Case No. 14-3877. (Sixth Circuit Case No. 14-3877, ECF No. 42.) On that same day, the Sixth Circuit issued an Opinion affirming this Court's judgment granting a preliminary injunction. *Ohio State Conference of the N.A.A.C.P. v. Husted*, 768 F.3d 524 (6th Cir. 2014).

On September 29, 2014, the United States Supreme Court issued an order staying this Court's preliminary injunction order pending the filing of a petition for writ of certiorari. *Husted v. Ohio State Conference of the N.A.A.C.P.*, 189 L. Ed. 2d 894 (2014). Following the Supreme Court's Order, on October 1, 2014, the Panel of the Sixth Circuit that affirmed the preliminary injunction order then vacated its opinion, and remanded this case for further proceedings. (Sixth Circuit Case No. 14-3877, ECF No. 53.)

On November 7, 2014, the OGA filed a Third Motion to Intervene (ECF No. 92), and a Motion for an Indicative Ruling on Its Third Motion to Intervene (ECF No. 93). On November 25, 2014, the OGA filed a Motion to Appear at the December 3, 2014 Status Conference. (ECF No. 96.)

**II.    Analysis**

The Court finds that it does not have jurisdiction over this issue, as it is currently pending before the Sixth Circuit. *See* Sixth Circuit Case No. 14-3765. The OGA concedes that their "appeal of the preliminary injunction order is technically still pending in the Sixth Circuit." (ECF No. 93 at 4.) The OGA, however, incorrectly asserts that the appeal "has been essentially rendered moot by the Sixth Circuit's decision vacating the Court's preliminary injunction order in the Secretary of State's and Attorney General's Appeal." (ECF No. 93 at 4.)

Although Sixth Circuit Case No. 14-3877 has been vacated and remanded, Sixth Circuit Case No. 14-3765 is still pending and not moot. In fact, on November 7, 2014, the OGA filed a Reply Brief in Sixth Circuit Case No. 14-3765—the same day the OGA filed its Third Motion to Intervene and Motion For an Indicative Ruling in this Court. Moreover, the OGA asserts in its Motion for an Indicative Ruling that "[b]ecause the OGA's first motion to intervene is still a [sic] pending appeal, however, this Court is likely without jurisdiction to render a ruling on its third motion to intervene at this time." (ECF No. 93 at 4.)

This Court agrees with the OGA that it lacks jurisdiction to render a ruling at this time. The filing of an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "[A] notice of appeal divests the district court of jurisdiction to resolve a motion to intervene filed after a notice of appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (citing *Bowling v.*

*Pfizer, Inc.,* 14 F.3d 600, 1993 WL 533620, at *1 (6th Cir.1993) (unpublished table decision)). "The rationale behind divestiture of jurisdiction of the district court once a notice of appeal is filed is that two different courts should not have simultaneous jurisdiction over the same matter, and the district court should not alter the scope of the judgment which is before an appellate court." *Anglers of the AU Sable v. U.S. Forest Serv.*, 590 F. Supp. 2d 877, 880 (E.D. Mich. 2008) (citing *Advey v. Celotex Corp.,* 962 F.2d 1177, 1180 (6th Cir.1992)). Currently, the Sixth Circuit is considering whether the OGA can properly intervene in this matter. *See* Sixth Circuit Case No. 14-3765. Therefore, this Court has no jurisdiction and should decline to rule on this matter because it could alter the scope of the judgment which is before the appellate court. Consequently, the Court denies the OGA's Third Motion to Intervene (ECF No. 92) for lack of jurisdiction.

Recognizing that this Court lacks jurisdiction over the intervention issue, the OGA filed a Motion For an Indicative Ruling on Its Third Motion to Intervene. (ECF No. 93.) In that motion, the OGA formally invoked Rule 62.1 of the Federal Rule of Civil Procedure, asking this Court to issue an advisory opinion holding that two of its prior opinions should be reversed. (ECF No. 93.) "Under Rule 62.1, a district court may make certain indicative rulings on motions that the court lacks authority to grant because of a pending appeal." *Dice Corp. v. Bold Technologies*, 556 F. App'x 378, 382 (6th Cir. 2014). District court orders on indicative rulings are discretionary. *Id.* A district court may defer considering the motion, deny the motion, or state that it would grant the motion or that the motion raises a substantial issue. *See* Fed.R.Civ.P. 62.1(a). In order to avoid simultaneous jurisdiction over the same matter, the Court refuses to consider the OGA's Motion For an Indicative Ruling. (ECF No. 93.)

As the Court lacks jurisdiction to rule on the OGA's requests to intervene, the OGA's Motion to Appear at the December 3, 2014 Status Conference (ECF No. 96) is denied as moot.

### III. Conclusion

For the reasons discussed above, the Court hereby **DENIES** the OGA's Third Motion to Intervene (ECF No. 92); **DENIES** the OGA's Motion For an Indicative Ruling on Its Third Motion to Intervene (ECF No. 93); and **DENIES AS MOOT** the OGA's Motion to Appear at December 3, 2014 Status Conference (ECF No. 96).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE