**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| OHIO STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | : : : : | 
| | Case No. 2:14-CV-404 |
| Plaintiffs, | Judge Peter C. Economus |
| v. | Magistrate Judge Norah McCann King |
| JON HUSTED, et al., | |
| Defendants. | |

**SETTLEMENT AGREEMENT AMONG PLAINTIFFS AND DEFENDANT SECRETARY OF STATE JON HUSTED**

1.  This Settlement Agreement is made among and between, on one hand (a) the Plaintiffs named in the Complaint (Doc. #1), namely the Ohio State Conference of the National Association for the Advancement of Colored People, the League of Women Voters of Ohio, Bethel African Methodist Episcopal Church, Omega Baptist Church, College Hill Community Church Presbyterian, U.S.A., A. Philip Randolph Institute, and Darryl Fairchild, as well as each of their respective employees, members, subsidiaries, partners, congregants, boards, affiliates, partners, directors, attorneys, agents, representatives, assigns, and anyone purporting to act on their behalf (all of the foregoing are referred to herein as "Plaintiffs"); and, on the other hand, (b) the Secretary of State Jon Husted, as well as his employees, attorneys, agents, representatives, assigns, and anyone purporting to act on his behalf (the foregoing in subpart (b) are referred to herein as "the Secretary"). Collectively, Plaintiffs and the Secretary are referred to herein as the "Settling Parties."

2. The term "Attorney General" as used herein means the Ohio Attorney General as well as the Ohio Attorney General's employees, attorneys, agents, representatives, assigns, and anyone purporting to act on the Ohio Attorney General's behalf.

3. The term "Defendant-Intervenor" as used herein means the Ohio General Assembly as well as its members, caucuses, employees, attorneys, agents, representatives, assigns, and anyone purporting to act on its behalf.

4. The terms "Plaintiffs," "the Secretary," "Settling Parties," "Attorney General," and "Defendant-Intervenor" as they are used throughout this Settlement Agreement are intended to be construed as broadly and liberally as possible so as to encompass inclusively the maximum number of individuals and entities possible under any fair reading of each particular instance where any of these terms is used.

5. The term "Senate Bill 238" as used herein refers to the statute(s) enacted and/or amended in the Ohio Revised Code as a result of the passage of Senate Bill 238, introduced during the 130th General Assembly, and ending the former overlap between the period during which an individual could register to vote and the period when a person could cast an early in person absentee ballot.

6. This litigation began on or about May 1, 2014, through the filing of a Complaint ("Complaint"). In the Complaint, Plaintiffs alleged, among other things, that the days and hours for early in-person absentee voting in Ohio as set forth by the Secretary's Directives 2014-06 (and later 2014-17) and Senate Bill 238, which after enacted into law eliminated the one week period during which an individual could register to vote and cast an early in-person absentee ballot on the same day, violated the United States Constitution and the Voting Rights Act. As of

the date of the execution of this Settlement Agreement, the above-captioned litigation over Plaintiffs' claims is ongoing in the Southern District of Ohio ("Litigation").

7. This Settlement Agreement is a resolution between the Settling Parties for the complete and final settlement of all matters, claims, differences, and causes of action asserted in the Complaint and the Litigation and all matters, claims, differences, and causes of action arising out of the claims in the Complaint or the Litigation, including but not limited to matters, claims, differences, and causes of action regarding the uniform days and hours for early in-person absentee voting in Ohio as set forth by the Secretary's Directives 2014-06 and 2014-17 and Senate Bill 238, which after enacted into law eliminated the one week period during which an individual could register to vote and cast an early in-person absentee ballot on the same day.

8. The Secretary denies all allegations set forth in the Complaint. Specifically, the Secretary denies that the early in-person absentee voting hours set forth in Directive 2014-06 and Directive 2014-17 violate any provision of the Voting Rights Act, the United States Constitution, or any other state or federal law.

9. This Settlement Agreement shall not be construed as an admission by any Settling Party of any wrongdoing, violation, or liability in connection with the Complaint, the Litigation, or any subject matter or allegation related thereto.

10. In the interest of settling this protracted Litigation and in exchange for Plaintiffs dismissing all statements and claims set forth in the Complaint, the Secretary agrees that from the date of the signing of this Settlement Agreement through December 31, 2018, the Secretary, or his successor if he does not complete his term, shall instruct the boards of election to set uniform dates and hours when all of Ohio's county boards of election shall be open for in-person casting of early in-person absentee ballots. These uniform dates and hours set by the Secretary

apply to all of Ohio's county boards of elections, and no counties shall have more or fewer dates and hours. The schedules set forth below shall be modified in any particular election cycle to exclude in-person absentee voting on any state holiday that falls during that early voting period. The Secretary's instructions shall set uniform dates and hours for county boards of election as follows:

      a.      During the period beginning ninety days prior to Presidential General Elections, the Secretary shall instruct the boards of elections to set the following hours during which boards of election shall remain open and be able to accept absentee ballots that are cast at the board in-person:

> Weeks One and Two of Voting (beginning with the day after the close of registration for the election except any holiday established by state law)
>
>     8:00 a.m. to 5:00 p.m. on each weekday (Monday through Friday)
>
> Week Three of Voting
>
>     8:00 a.m. to 6:00 p.m. on each weekday (Monday through Friday)
>
>     8:00 a.m. to 4:00 p.m. on Saturday
>
>     1:00 p.m. to 5:00 p.m. on Sunday
>
> Week Four of Voting
>
>     8:00 a.m. to 7:00 p.m. on each weekday (Monday through Friday)
>
>     8:00 a.m. to 4:00 p.m. on the Saturday before election day
>
>     1:00 p.m. to 5:00 p.m. on the Sunday before election day
>
> Week of Election Day
>
>     8:00 a.m. to 2:00 p.m. on the Monday before election day

      b.      During the period beginning ninety days prior to Presidential Primary Elections and Gubernatorial General Elections, the Secretary shall instruct the boards of elections to set the following hours during which boards of election shall remain open and be able to accept absentee ballots that are cast at the board in-person:

4

Weeks One and Two of Voting (beginning with the day after the close of registration for the election, except any holiday established by state law)

    8:00 a.m. to 5:00 p.m. on each weekday (Monday through Friday)

Week Three of Voting

    8:00 a.m. to 5:00 p.m. on each weekday (Monday through Friday)

    8:00 a.m. to 4:00 p.m. on Saturday

Week Four of Voting

    8:00 a.m. to 7:00 p.m. on each weekday (Monday through Friday)

    8:00 a.m. to 4:00 p.m. on the Saturday before election day

    1:00 p.m. to 5:00 p.m. on the Sunday before election day

Week of Election Day

    8:00 a.m. to 2:00 p.m. on the Monday before election day

    c.    During the period beginning ninety days prior to Regular Municipal Elections, Primary Elections, and Special Elections (when such elections are held), the Secretary shall instruct the boards of elections to set the following hours during which boards of election shall remain open and be able to accept absentee ballots that are cast at the board in-person. These instructions in subpart (c) shall not apply to any May 5, 2015 Regular Municipal Elections, Primary Elections, and Special Elections.

Weeks One, Two and Three of Voting (beginning with the day after the close of registration for the election, except any holiday established by state law)

    8:00 a.m. to 5:00 p.m. on each weekday (Monday through Friday)

Week Four of Voting

    8:00 a.m. to 7:00 p.m. on each weekday (Monday through Friday)

        8:00 a.m. to 4:00 p.m. on the Saturday before election day

        1:00 p.m. to 5:00 p.m. on the Sunday before election day

Week of Election Day

        8:00 a.m. to 2:00 p.m. on the Monday before election day

11. Plaintiffs agree that all causes of action, claims, and demands that Plaintiffs have against the Secretary, the Attorney General, and the Defendant-Intervenor asserted in the Complaint and the Litigation, including but not limited to claims under the Voting Rights Act and the United States Constitution related to the uniform days and hours for early in-person absentee voting in Ohio as set forth in the Secretary's Directives 2014-06 and 2014-17 and Senate Bill 238, which after enacted into law eliminated the one week period during which an individual could register to vote and cast an early in-person absentee ballot on the same day, are satisfied, discharged, and settled.

12. Plaintiffs covenant and agree, from the date of this Settlement Agreement through December 31, 2018, to irrevocably bind themselves to refrain from: (a) making any claim or demand against the Secretary, the Attorney General, the Defendant-Intervenor, or any other person, officer, or entity, challenging the lawfulness of the days and hours of voting set forth in Paragraph 10; (b) commencing or causing to be prosecuted in law or equity an action or complaint against the Secretary, the Attorney General, the Defendant-Intervenor, or any other person, officer, or entity, challenging the lawfulness of the days and hours of voting set forth in Paragraph 10; (c) making any claim or demand against the Secretary, the Attorney General, the Defendant-Intervenor, or any other person, officer, or entity, challenging the lawfulness of Senate Bill 238; or (d) commencing or causing to be prosecuted in law or equity an action or complaint against the Secretary, the Attorney General, the Defendant-Intervenor, or any other person, officer, or entity, challenging the lawfulness of Senate Bill 238. Plaintiffs' covenants

and agreements set forth in this Paragraph shall no longer apply if the Ohio General Assembly passes new legislation that is enacted that changes any of the voting calendars set forth in Paragraph 10.

13. Plaintiffs also covenant and agree, from the date of this Settlement Agreement through December 31, 2018, not to participate as a party in any lawsuit, complaint, or claim against the Secretary, the Attorney General, the Defendant-Intervenor, or any other individual or entity, challenging the lawfulness of (a) the days and hours of voting set forth in Paragraph 10 or (b) Senate Bill 238. Plaintiffs' covenants and agreements set forth in this Paragraph shall no longer apply if the Ohio General Assembly passes new legislation that is enacted that changes any of the voting calendars set forth in Paragraph 10.

14. Plaintiffs covenant and agree, from the date of this Settlement Agreement through December 31, 2018, that this Settlement Agreement may be treated as a complete defense to any action, complaint, or proceeding that may be brought, instituted, or taken by Plaintiffs challenging the lawfulness of (a) the days and hours of voting set forth in Paragraph 10 or (b) Senate Bill 238. Plaintiffs' covenants and agreements set forth in this Paragraph shall no longer apply if the Ohio General Assembly passes new legislation that is enacted that changes any of the voting calendars set forth in Paragraph 10.

15. This Settlement Agreement is intended to conclude the Litigation.  Plaintiffs agree to voluntarily dismiss with prejudice the Complaint and the Litigation against all Defendants, including against the Secretary, the Attorney General, and the Defendant-Intervenor, within five (5) days of the execution of this Settlement Agreement by all Settling Parties.

16. The Settling Parties agree that any future Secretary whose term shall begin in 2019 or thereafter is not bound by this Settlement Agreement to adopt the days and hours set forth in Paragraph 10 for elections beginning in the year 2019 or thereafter.

17. Plaintiffs acknowledge that they understand that this Settlement Agreement does not preclude the Ohio General Assembly from passing new legislation related to days and hours of early voting. Any such hours that the Ohio General Assembly passes that are enacted may supersede the days and hours set forth in Paragraph 10. Should the Ohio General Assembly pass new legislation that is enacted that changes any of the voting calendars set forth in Paragraph 10, this Settlement Agreement does not prohibit or limit Plaintiffs' right to bring any lawsuit.

18. Plaintiffs acknowledge that a future Secretary is not precluded by this Settlement Agreement from setting days and hours of voting beginning in 2019 that are different than the days and hours of voting set forth in Paragraph 10. Should any Secretary instruct any board of election to change any voting calendar set forth in Paragraph 10, this Settlement Agreement does not prohibit or limit Plaintiffs' right to bring any lawsuit.

19. Numerous considerations went into this Settlement Agreement, and the voting calendars set forth in Paragraph 10 are not intended to control election calendars after December 31, 2018 or to control legislation passed by the General Assembly and enacted that changes the days and hours of early in person absentee voting.

20. The Settling Parties agree that no party to this Litigation shall be deemed a prevailing party.

21. Plaintiffs and the Secretary agree not to seek or to argue or assert an entitlement to any attorneys' fees, fees, costs, or expenses related to the claims and defenses in the Complaint or this Litigation.

22. Plaintiffs and the Secretary give up, waive, abandon, and forever discharge any right or ability to claim attorneys' fees, fees, costs, or expenses related to the Complaint or this Litigation.

23. Plaintiffs will not attempt to recover from any Defendant, including the Secretary, the Attorney General and the Defendant-Intervenor, any of Plaintiffs' attorneys' fees, fees, costs, or expenses related to Plaintiffs' Complaint or any of Plaintiffs' claims made throughout the Litigation.

24. This Settlement Agreement shall serve as an absolute defense to any claim that Plaintiffs or the Secretary is entitled to attorneys' fees, fees, costs, or expenses.

25. The Settling Parties will exercise good faith in making any statements related to the resolution of this matter. The Settling Parties acknowledge that all parties have entered into this Settlement Agreement with goodwill and a mutual desire to end this protracted litigation for the good of the voters of Ohio.

26. Each of the provisions of this Settlement Agreement is valuable consideration for the resolution of this matter and the other provisions of the Settlement Agreement.

27. This Settlement Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter of this agreement, and it supersedes all prior oral or written agreements, commitments, negotiations, statements, proposals, or understandings with respect to the matters provided for in this Settlement Agreement.

28. This Settlement Agreement binds not only the Settling Parties herein but also all agents, entities, and persons who can or may act on behalf of, in interest of, or for the benefit of any of the Settling Parties.

29. This Settlement Agreement cannot be amended, altered, or modified except by an instrument in writing executed by the Settling Parties.

30. All notices, demands, requests, and communications that are or may be required to be sent or given to the other Settling Parties shall be in writing and will be mailed to the following representatives of the Settling Parties:

If to Plaintiffs:

> ACLU of Ohio
> 4506 Chester Avenue
> Cleveland, Ohio 44103
> (216) 472-2220

If to the Secretary:

> Office of the Ohio Attorney General
> 30 East Broad Street, 16th Floor
> Columbus, Ohio 43215
> (614) 466-2872

31. If any of the sentences, provisions, terms, Paragraphs, or clauses of this Settlement Agreement are declared illegal, unenforceable, or ineffective in a legal forum, those sentences, provisions, terms, Paragraphs, and clauses shall be deemed severable, such that all other sentences, provisions, terms, Paragraphs, and clauses of this Settlement Agreement shall remain valid and binding upon all parties.

32. This Settlement Agreement shall be construed in accordance with the laws of the State of Ohio.

33. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any party may effect the execution and delivery of this Settlement Agreement by signing the signature page thereof, or by sending a copy, scan, or photograph of the signature

page by facsimile or electronic transmission.  Such transmitted documents shall be treated in all respects as original instruments bearing original signatures.

34. The Settling Parties execute this Settlement Agreement voluntarily and not under duress, and with a full understanding of its terms, and after having obtained advice of counsel.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound thereby, have executed this agreement on the dates written below:

_____

The Ohio State Conference of the National Association

for the Advancement of Colored People

Date:_____

_____

The League of Women Voters of Ohio

Date:_____

_____

Bethel African Methodist Episcopal Church

Date:_____

page by facsimile or electronic transmission. Such transmitted documents shall be treated in all respects as original instruments bearing original signatures.

34. The Settling Parties execute this Settlement Agreement voluntarily and not under duress, and with a full understanding of its terms, and after having obtained advice of counsel.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound thereby, have executed this agreement on the dates written below:

*(signed) Sybil Edwards McNabb*

The Ohio State Conference of the National Association for the Advancement of Colored People
Date: 4-16-15

_____

The League of Women Voters of Ohio
Date: _____

_____

Bethel African Methodist Episcopal Church
Date: _____

11

page by facsimile or electronic transmission. Such transmitted documents shall be treated in all respects as original instruments bearing original signatures.

34. The Settling Parties execute this Settlement Agreement voluntarily and not under duress, and with a full understanding of its terms, and after having obtained advice of counsel.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound thereby, have executed this agreement on the dates written below:

_____
The Ohio State Conference of the National Association for the Advancement of Colored People
Date: _____

_Nancy N. Brown_, President
The League of Women Voters of Ohio
Date: 4/16/15

_____, Executive Director

_____
Bethel African Methodist Episcopal Church
Date: _____

11

page by facsimile or electronic transmission. Such transmitted documents shall be treated in all respects as original instruments bearing original signatures.

34. The Settling Parties execute this Settlement Agreement voluntarily and not under duress, and with a full understanding of its terms, and after having obtained advice of counsel.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound thereby, have executed this agreement on the dates written below:

_____

The Ohio State Conference of the National Association for the Advancement of Colored People
Date:_____

_____

The League of Women Voters of Ohio
Date:_____

*/s/ [signature]*

Bethel African Methodist Episcopal Church
Date: 4/16/2015

11

_____
*Daryl Ward* (signature)
Omega Baptist Church
Date: April 16, 2015

_____
College Hill Community Church Presbyterian, U.S.A.
Date:_____

_____
Philip Randolph Institute
Date:_____

_____
Darryl Fairchild
Date:_____

12

_____

Omega Baptist Church

Date: _____

*Rosalyn A. Givens*, Clerk of Session
_____
College Hill Community Church Presbyterian, U.S.A.

Date: April 16, 2015

_____

Philip Randolph Institute

Date: _____

_____

Darryl Fairchild

Date: _____

---

Omega Baptist Church

Date: _____

---

College Hill Community Church Presbyterian, U.S.A.

Date: _____

*[signature]*

---

Philip Randolph Institute

Date: 4-15-15

---

Darryl Fairchild

Date: _____

12

_____
Omega Baptist Church
Date: _____


_____
College Hill Community Church Presbyterian, U.S.A.
Date: _____


_____
Philip Randolph Institute
Date: _____


_/s/ Darryl Fairchild_____
Darryl Fairchild
Date: 4/16/2015

Secretary of State Jon Husted

*[signature]*
Matthew Damschroder
Assistant Secretary of State of Ohio

Date: 4-15-15

13